# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SILVER STATE INTELLECTUAL  )
TECHNOLOGIES, INC.,                    )
                                                       )     Case No.: 2:11-cv-01578-GMN-PAL
              Plaintiff,                            )
      vs.                                           )     **ORDER**
                                                       )
GARMIN INTERNATIONAL, INC., a Kansas )
Corporation, and GARMIN USA, INC., a  )
Kansas corporation,                        )
                                                       )
              Defendants.                      )
                                                       )

This is a patent infringement action filed against Defendants Garmin International, Inc. and Garmin USA, Inc. (collectively, "Garmin") by Plaintiff Silver State Intellectual Technologies, Inc. ("Silver State"). Pending before the Court are five Motions in Limine (ECF Nos. 156, 162–64) filed by Silver State:

1. Silver State's Motion in Limine No. 1 (ECF No. 156) regarding features or functionalities different from the NUVI 3490LMT.
2. Silver State's Motion in Limine No. 7 (ECF No. 162) regarding ADVANCE.
3. Silver State's Motion in Limine No. 8 (ECF No. 163) regarding non-infringing alternatives.
4. Silver State's Motion in Limine No. 9 (ECF No. 164) regarding pending reexamination proceedings.
5. Silver State's Motion in Limine No. 10 (ECF No. 164) regarding inequitable conduct findings.

## I.      BACKGROUND

On April 21, 2015, the Court held a hearing regarding the parties' Motions in Limine. At the hearing, the Court ruled on the following Motions. First, the Court denied Silver State's

Motion in Limine No. 2 (ECF No. 157) regarding evidence contrary to the Court's Claim Construction Order. So long as Garmin does not present evidence or argument that is inconsistent with the Claim Construction Order, does not present non-infringement opinions about the '455 patent that it had not disclosed earlier, or does not present opinions that are based on claim construction positions the Court declined to adopt, Garmin should not be excluded from introducing opinion testimony as to the plain and ordinary meaning of terms not specifically construed by the Court.

Second, the Court denied Silver State's Motion in Limine No. 3 (ECF No. 158) regarding the TravTek system, finding that Garmin presented enough circumstantial evidence and distinct characteristics to pass the low bar of authenticating the evidence related to the TravTek system. Once authenticity is established, the determination of TravTek as a prior art system is a fact question for the jury.

Third, the Court denied Silver State's Motion in Limine No. 4 (ECF No. 159) regarding the Delorme AAA Map'n'Go 2.0 software, the Delorme AAA Map'n'Go 4.0 software, and the Sony Skymap Pro software. Like Silver State's third Motion in Limine, the Court found that Garmin presented enough circumstantial evidence and distinct characteristics to pass the low bar of authenticating the evidence related to these systems. Furthermore, the Court found that Silver State's hearsay argument regarding Exhibit 1115 failed because Garmin is not offering the article for the truth of the matter asserted.

Fourth, the Court denied Silver State's Motion in Limine No. 5 (ECF No. 160) regarding the Garmin GPS III owner's manual, finding that its publication date is an issue of fact for the jury.

Fifth, the Court denied Silver State's Motion in Limine No. 6 (ECF No. 161) regarding six physical exhibits not previously relied upon, finding that, while Garmin cannot use the physical exhibits as evidence of prior art, Garmin may use the exhibits as they are relevant to

damages.  Accordingly, the parties are encouraged to jointly draft a limiting instruction, if one is requested to be given at the time the exhibits are first introduced and/or in the final written jury instructions.

Sixth, the Court granted Silver State's Motion in Limine No. 11 (ECF No. 164) regarding evidence, testimony, or argument relating to the fact that Silver State initially asserted and later voluntarily dismissed five patents from this case.  It comports with public policy for courts to encourage parties to voluntarily dismiss unnecessary claims and streamline the proceedings.  In this case, Garmin did not present a scenario that would justify testimony revealing that claims regarding five patents were voluntarily dismissed.

Seventh, the Court granted in part and denied in part Silver State's Motion in Limine No. 12 (ECF No. 164) regarding derogatory references.  While Garmin agrees to not use terms like "patent troll," "pirate," "bandit," "stick up," and "shakedown" to describe Silver State, the Court finds that describing Silver State as "a company that doesn't make anything," or "a company that doesn't sell anything" is a true and correct description of Silver State's business model and is relevant to the issues of damages.  Only terms whose probative value outweighs the unfair prejudicial implication will be permitted.  All witnesses should be instructed accordingly to refrain from using those inappropriate common slang terms.

Eighth, the Court granted Silver State's Motion in Limine No. 13 (ECF No. 164) regarding Silver State's business address, finding this evidence to be irrelevant and its probative value to be substantially outweighed by unfair prejudice.

Ninth, the Court denied Silver State's Motion in Limine No. 14 (ECF No. 164) regarding exhibits containing the Bates label, "GARM-PRIART," as moot based on the parties' agreement to redact the labels.

Tenth, the Court denied Silver State's Motion in Limine No. 15 (ECF No. 164) regarding Silver State's fee arrangement with counsel as moot because Garmin represented that

it had no intention of presenting such evidence.

Eleventh, the Court denied Silver State's Motion in Limine No. 16 (ECF No. 164) regarding Garmin's patents.  However, the Court granted Silver State leave to file a new motion in limine to address whether Garmin previously disclosed this evidence to Silver State in its interrogatory responses.

Twelfth, the Court denied Garmin's Motion in Limine No. 1 (ECF No. 167) regarding evidence related to a representative product agreement, holding that, while Silver State could not relitigate the existence of an agreement, it could present evidence regarding Garmin's proposal of the nuvi 3490LMT as a representative product and Dr. Michalson's agreement that the nuvi 3490LMT was representative of all the accused products.

Thirteenth, the Court denied both Garmin's Motion in Limine No. 2 (ECF No. 167) regarding Dr. Rosenberg's opinions that the accused products are represented by Garmin's nuvi 3490LMT and Garmin's Motion in Limine No. 3 (ECF No. 168) regarding Dr. Ryan Sullivan's opinions on damages, finding Garmin's arguments went to the weight of Silver State's evidence, not its admissibility.

Fourteenth, the Court denied Garmin's Motion in Limine No. 4 (ECF No. 169) regarding customer reviews and a 2006 third party survey relied upon by Silver State's damages expert, Dr. Ryan Sullivan.  The Court found that the customer reviews were not hearsay because they were not offered for the truth of the matter asserted.  Furthermore, the remainder of Garmin's arguments went to the weight of the evidence, not its admissibility.

Fifteenth, the Court denied Garmin's Motion in Limine No. 5 (ECF No. 170) regarding Garmin's revenues and profits overall and on the accused products.  Because the evidence was irrelevant to the issue of damages, Silver State agreed to redact this information when presented in relation to damages.  Further, the Court found this evidence to be relevant to the issue of commercial success and the unfair prejudice of the evidence did not substantially outweigh its

1  probative value.

2  Finally, the Court denied Garmin's Motion in Limine No. 6 (ECF No. 172) regarding
3  evidence relating to Garmin's accused devices providing an interface for making phone calls
4  when a Bluetooth phone is paired with the device, finding Garmin's arguments were better
5  suited for summary judgment rather than *in limine*.

6  For the remaining Motions, the Court heard arguments by the parties and took the
7  Motions under submission. These Motions are now addressed individually in this Order.

8  **II.   DISCUSSION**

9  In general, "[t]he court must decide any preliminary question about whether ... evidence
10 is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Rule 104(a), a
11 party must show that the requirements for admissibility are met by a preponderance of the
12 evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally
13 required that these matters [regarding admissibility determinations that hinge on preliminary
14 factual questions] be established by a preponderance of proof.").

15 "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a)
16 it has any tendency to make a fact more or less probable than it would be without the evidence;
17 and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court
18 may exclude relevant evidence if its probative value is substantially outweighed by a danger of
19 one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue
20 delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403.

21 "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings,
22 the practice has developed pursuant to the district court's inherent authority to manage the
23 course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (citing Federal Rule of
24 Evidence 103(c)). *In limine* rulings "are not binding on the trial judge, and the judge may
25 always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758

n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

### A.   Silver State's Motion in Limine No. 1 re: Features or Functionalities Different from the NUVI 3490LMT (ECF No. 156)

In its first Motion in Limine, Silver State seeks to preclude "Dr. Michalson *and Garmin*…from offering any testimony at trial concerning non-infringement of any of the accused devices based on features/functionalities different from the nuvi 3490 LMT." (MIL No. 1 2:7–9).  Silver State asserts that "Dr. Michalson has never presented any opinion concerning non-infringement of any of the accused devices based on them working in any manner different from the nuvi 3490 LMT." (*Id.* 4:17–19).  However, "Garmin does not oppose limiting Dr. Michalson's expert testimony to what has been presented in his report." (Response 2:6–7).

Moreover, Silver State asserts that, "[b]ecause Garmin has designated no other technical expert witness except Dr. Michalson, and has disclosed no other expert report or opinion under Rule 26 regarding non-infringement, Garmin should also be precluded from offering any opinion testimony at trial regarding non-infringement of any of the accused devices based on operations, features or functionalities different from the nuvi 3490LMT." (MIL No. 1 4:5–9). However, Garmin asserts that it "intends to provide fact testimony from its fact witnesses regarding what features and functions are contained in the accused products and how they operate," and that "[s]uch testimony is particularly relevant for rebutting Silver State's apparent intent to present argument at trial that accused features and functionalities of the nuvi 3490LMT device are representative of the specific accused features and functionalities in all 150 of Garmin's accused products." (Response 2:14–19).  Additionally, Garmin asserts that such fact testimony is "relevant to help the jury render their own opinion on whether or not Garmin infringes Silver State's asserted patents." (*Id.* 3:1–4).

Local Rule 16.1-8(a) sets forth the Court's requirement regarding non-infringement contentions. Specifically, such contentions shall include "[a] detailed description of the *factual* and legal grounds for contentions of non-infringement, if any, including a clear identification of each limitation of each asserted claim alleged not to be present in the Accused Instrumentality." LR 16.1-8(a) (emphasis added). To the extent that Garmin did not disclose the factual grounds for contentions of non-infringement based on the features and functions of accused devices apart from the nuvi 3490LMT and how such features and functions demonstrate that each limitation of each asserted claim alleged is not present in those accused devices, they may not present such testimony at trial for the purpose of establishing non-infringement. However, Garmin may present fact testimony at trial regarding what features and functions are contained in the accused products and how they operate for the purposes of demonstrating that the nuvi 3490LMT is not representative of all the accused products. Such testimony may also be relevant for purposes apart from establishing non-infringement. If the parties draft and request a limiting instruction, the Court would be willing to provide such instruction. Accordingly, the Court grants in part and denies in part Silver State's Motion in Limine No. 1 pursuant to the discussion above.

**B.    Silver State's Motion in Limine No. 7 re: ADVANCE (ECF No. 162)**

In its seventh Motion in Limine, Silver State seeks to preclude Garmin "from presenting evidence at trial regarding ADVANCE as prior art to U.S Patent No. 7,739,039 ('the '039 Patent') and Garmin's proposed Trial Exhibit 1112 ('The Evolution of ADVANCE publication')." (MIL No. 7 2:3–5, ECF No. 162). Silver State asserts that "ADVANCE was not disclosed by Garmin as prior art to the '039 Patent until Garmin served its First Amended Invalidity Contentions, but that was too late and the Court (Judge Pro) has already stricken this prior art and related invalidity theory with respect to the '039 patent from the case." (*Id.* 2:6–

///

9).[1] Although Silver State acknowledges that Garmin listed ADVANCE with respect to the '039 Patent in its Preliminary Invalidity Contentions as an obviousness reference in combination with the Map'n'Go 4.0 software, Silver State maintains that Garmin "failed to provide the required 'detailed description of the factual and legal grounds for contentions of invalidity,' including failing to provide the required 'chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found' for this combination." (*Id.* 3:5–10).

Local Rule 16.1-8(c) sets forth the Court's requirement regarding invalidity contentions. Specifically, if obviousness is alleged, a party opposing a claim of patent infringement shall provide "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness." LR 16.1-8(c). Here, Garmin listed ADVANCE as an obviousness reference in combination with the Map'n'Go 4.0 software. (Ex. 4 to Dec. of Marko Zoretic at 106, ECF No. 165-1). Moreover, Garmin asserted in its preliminary invalidity contentions that such "prior art references render obvious the claims listed below," and "[a]lmost all of the references are directed to navigation devices and/or software, and thus, one of ordinary skill in the art would have been motivated to combine all such known prior art solutions because they were directed to solving the same types of navigational challenges." (*Id.* at 101). The Court finds that such disclosure is sufficient to comply with Local Rule 16.1-8(c).

However, Silver State also contends that ADVANCE should be excluded because Garmin's disclosure does not comply with the requirements of Local Rules 16.1-8(b) and (d). More specifically, Garmin's disclosure "failed to provide the required 'detailed description of the factual and legal grounds for contentions of liability,' including failing to provide the

---

[1] Garmin asserts that it will not be relying on ADVANCE as an anticipatory reference related to the '039 Patent.

required 'chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found' for this combination." (MIL No. 7 4:5–10). The Court finds that Garmin's disclosure complied with the requirement of Local Rule 16.1-8(b) to provide "[a] detailed description of the factual and legal grounds for contentions of invalidity." Although Local Rule 16.1-8(b) also requires a disclosure of "where in the prior art each element of each asserted claim is found," this requirement is not applicable to obviousness references because, unlike anticipation, obviousness does not require that the prior art reference(s) disclose all of the elements and limitations of the asserted claims. *See, e.g.*, *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 (Fed. Cir. 2008) (analyzing the differences between invalidity by anticipation and invalidity by obviousness).

Additionally, the Court finds that Garmin was not required to comply with Local Rule 16.1-8(d) when disclosing its obviousness contentions. Rather, Local Rule 16.1-8(d) relates to anticipatory contentions because anticipation requires that all of the elements and limitations of the asserted claims are described in a single prior art reference. *See, e.g.*, *Cohesive*, 543 F.3d at 1364. Accordingly, the Court denies Silver State's Motion in Limine No. 7.

**C.   Silver State's Motion in Limine No. 8 re: Non-Infringing Alternatives (ECF No. 163)**

In its eighth Motion in Limine, Silver State seeks to "preclude Garmin from presenting any evidence or opinions at trial regarding purported non-infringing alternatives under Fed. R. Civ. P. 37(c)(1)." (MIL No. 8 3:2–3, ECF No. 163). Silver State contends that, "during discovery, Garmin stated that it was not relying on any non-infringing alternatives, and it failed to disclose the purported non-infringing alternatives on which its experts now rely." (*Id.* 3:7–9). Moreover, Silver State asserts that, "[b]y withholding these theories until after discovery had closed, Garmin denied Silver State the opportunity to take fact discovery on these alleged non-infringing alternatives. Moreover, Silver State's experts had no opportunity to address these

late-disclosed theories in their expert reports." (*Id.* 3:11–14).

On the other hand, Garmin asserts that "[t]he timing of Garmin's disclosure of non-infringing alternatives in its expert reports was proper under Rule 26(e) because alternatives were part of the expert's opinion as opposed to alternatives that Garmin's engineers were considering and designing during fact discovery." (Response 2:7–9, ECF No. 196). Furthermore, Garmin asserts that "to the extent that Silver State needed to conduct follow-up discovery, it had multiple opportunities to seek and take such discovery, including depositions of Garmin's experts and supplemental expert reports. Because the timing of Garmin's disclosures of non-infringing alternatives was both 'substantially justified' and 'harmless,' there is no basis for striking those disclosures under Rule 37(c)(1)." (*Id.* 2:9–14). More specifically, Garmin asserts that "Silver State has known about this issue since January 10, 2014 and only first raises it with the Court on March 31, 2015—nearly fifteen months later." (*Id.* 4:12–14).

A party who fails to make the required initial disclosure "is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at trial" unless such failure was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1); *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The party facing sanctions has the burden of proving its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti By Molly, Ltd.*, 259 F.3d at 1106. The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the discretion of the trial court. *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 298 (2nd Cir. 2006).

At a minimum, the Court finds that Garmin has sufficiently shown that its failure to make the required initial disclosure regarding non-infringing alternatives was harmless. Silver State was put on notice of Garmin's intention to rely on purported non-infringing alternatives

on January 10, 2014, when Dr. Michalson and Mr. Napper served their expert reports. (*See* MIL No. 8 5:5–10). Moreover, Silver State took the deposition of Dr. Michalson and Mr. Napper after having been served with their expert reports, to which Silver State questioned both experts about non-infringing alternatives. (*See* Ex. 3 to Decl. of Matthew C. Zorn at 12–16, ECF No. 199–3; Ex. 18 at 3–7, ECF No. 199–18). Furthermore, although Silver State contends that it has had no opportunity for its experts "to address these late-disclosed theories in their expert reports" (MIL No. 8 3:13–15), Silver State subsequently submitted a third expert report of Dr. Sullivan on November 7, 2014, who could have addressed the opinions disclosed in Dr. Michalson and Mr. Napper's expert reports (*See* Ex. 22 to Decl. of Matthew C. Zorn, ECF No. 199–22). In addition, even though Silver State contends that it has been denied "the opportunity to take fact discovery on these alleged non-infringing alternatives," it has waited nearly fifteen months to bring Garmin's failure to the attention of the Court. (MIL No. 8 3:11–13). Had Silver State notified the Court of Garmin's failure at an earlier date, the Court could have reopened discovery to allow Silver State the opportunity to take additional fact discovery and its experts to address these theories. Accordingly, the Court denies Silver State's Motion in Limine No. 8.

### D. Silver State's Motion in Limine No. 9 re: Pending Reexamination Proceedings (ECF No. 164)

In its ninth Motion in Limine, Silver State seeks to exclude evidence, "which relate to two pending ex parte reexamination proceedings (initiated by Garmin) concerning the '812 and '992 Patents." (MIL No. 9 4:5–6, ECF No. 164). Silver State asserts that "[t]he reexaminations proceedings, including Garmin's reexamination requests and their subsequent grants by the PTO, are irrelevant to any issue in this case and are inadmissible." (*Id.* 4:8–9). Moreover, Silver State contends that "[t]he probative value of the reexaminations is particularly questionable where, as here, the reexamination process is not yet complete and the results of the

reexaminations cannot yet be determined." (*Id.* 4:16–18). However, Garmin asserts that "the reexamination of the '992 patent is not 'incomplete,'" but rather, "the Patent Office issued a final action for the '992 patent rejecting the asserted claims." (Response 2:18–20, ECF No. 198).

First, the Court notes that the reexamination proceedings are not yet final. Although a final rejection has been issued, the parties agreed at the hearing that the deadlines to appeal to the Board of Patent Appeals and Interferences has not yet expired. As such, the status and holdings of the reexamination proceedings are of little relevance to this action. *See SRI Int'l Inc. v. Internet Security Sys., Inc.*, 647 F. Supp. 2d 323, 356 (D. Del. 2009) ("Absent unusual circumstances, none of which are present here, non-final decisions made during re-examinations are not binding, moreover, they are more prejudicial (considering the overwhelming possibility of jury confusion) than probative of validity."); *see also, Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331 (Fed. Cir. 2009) (holding that non-final reexamination determinations are of "little relevance" to the jury's independent deliberations on the validity of the patent).

Second, the Court finds that the prejudicial effect of informing the jury of the reexamination proceeding substantially outweighs any probative value of the evidence. Telling the jury that these patents have been called into question by the patent office may significantly influence the jury's determination of the issues of infringement and invalidity. Thus, "the prejudicial potential of this evidence far outweighs any probative value it may have." *Amphenol T & M Antennas, Inc. v. Centurion Intern., Inc.*, 69 U.S.P.Q.2d 1798, 1800 (N.D. Ill. 2002).

Finally, allowing evidence of the reexamination proceedings would only serve to confuse the jury because both the standard of proof and claim construction applied by the patent office were different from the standards to be applied at trial. To understand the difference between the two proceedings, Silver State would have to offer argument and

evidence to the jury on the different evidentiary burden before the patent office as well as the different claim construction used by the examiner and then explain how these differences impacted the reexamination proceeding.  Presenting this additional information will waste valuable judicial resources and jury time and would only serve to confuse the jury. *See e.g., Callaway*, 576 F.3d at 1343 (upholding trial court's exclusion of a pending reexamination proceeding because the risk of confusing or misleading the jury by introducing such evidence is too great.); *IA Labs CA, LLC v. Nintendo Co., Ltd.*, 857 F. Supp. 2d 550, 552 (D. Md. 2012) ("Delving into the details of the reexamination proceedings and providing the necessary context of the PTO structure and process would inevitably waste time and distract from the key issues in the lawsuit.").  Therefore, the Court grants Silver State's Motion in Limine No. 9 and excludes any evidence, testimony, or argument concerning the reexamination proceedings of the '812 and '992 Patents.

### E. Silver State's Motion in Limine No. 10 re: Inequitable Conduct Findings (ECF No. 164)

In its tenth Motion in Limine, Silver State seeks to exclude a proposed trial exhibit, "which is a 'Findings of Fact and Conclusions of Law on Inequitable Conduct' in the unrelated case, *American Calcar Inc. v. American Honda Motor Co., Inc., et al* (Case No. 3:06-cv-02433-DMS-KSC) in the Southern District of California." (MIL #10 6:5–7).  Silver State explains that "[i]n that case, the court held that Michael Obradovich (a named inventor of the patents-in-suit in this case and the owner of Silver State) committed inequitable conduct in connection with the prosecution of U.S. Patent Nos. 6,330,497, 6,438,465, and 6,542,795 ('the *Honda* case patents'), which are not asserted in this case." (*Id.* 6:7–11).

Silver State asserts that "Garmin's proposed trial exhibit 1159 and any argument relating to inequitable conduct allegations and findings concerning the *Honda* case patents are irrelevant to any issue in this case and are inadmissible." (*Id.* 6:16–18).  Moreover, Silver State

asserts that "any probative value of inequitable conduct findings related to the *Honda* case patents would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury." (*Id.* 6:19–21). Furthermore, Silver State asserts that "because Garmin intends to use the inequitable conduct findings to prove Mr. Obradovich's or Silver State's character, it is also impermissible under Fed. R. Evid. 404(a)." (*Id.* 7:4–6). However, Garmin asserts that "evidence of inequitable conduct is relevant to Mr. Obradovich's character for truthfulness under Federal Rule of Evidence 608(b)." (Response 5:15–16, ECF No. 198).

Rule 608(b) of the Federal Rules of Evidence provides that, "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." However, the Court "may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness." Fed. R. Evid. 608(b). Having reviewed exhibit 1159, the Court finds the certainty and finality of the findings made by the United States District Court for the Southern District of California mitigate against any unfair prejudice. Accordingly, Garmin may not proffer exhibit 1159 or any other extrinsic evidence of inequitable conduct findings related to the *Honda* case patents. However, Garmin may, on cross-examination, inquire into such findings, because they are probative of Mr. Obradovich's character for truthfulness. Therefore, the Court grants in part and denies in part Silver State's Motion in Limine No. 10 pursuant to the discussion above.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Silver State's Motions in Limine Nos. 7 and 8 (ECF Nos. 162 and 163) are **DENIED**.

**IT IS FURTHER ORDERED** that Silver State's Motion in Limine No. 9 (ECF No. 164) is **GRANTED**. Any evidence, testimony, or argument concerning the reexamination

proceedings of the '812 and '992 Patents is excluded.

**IT IS FURTHER ORDERED** that Silver State's Motions in Limine Nos. 1 and 10 (ECF No. 156 and 164) are **GRANTED in part** and **DENIED in part**.  Regarding Motion in Limine No. 1, Garmin may present fact testimony at trial regarding what features and functions are contained in the accused products and how they operate for the purposes of demonstrating that the nuvi 3490LMT is not representative of all the accused products.  Moreover, such testimony may also be relevant for purposes apart from establishing non-infringement.  Regarding Motion in Limine No. 10, Garmin may not proffer extrinsic evidence of inequitable conduct findings related to the *Honda* case patents.  However, Garmin may, on cross-examination, inquire into such findings, as they are probative of Mr. Obradovich's truthfulness.

**DATED** this 7th day of May, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge