# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SILVER STATE INTELLECTUAL TECHNOLOGIES, INC., a Nevada corporation,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>GARMIN INTERNATIONAL, INC., a Kansas corporation, and GARMIN USA, INC., a Kansas corporation,<br><br>Defendants/Counterclaimants. | Case No. 2:11-cv-1578-GMN-PAL<br><br>**STIPULATION AND ORDER RELATING TO TRIAL PROCEDURES** |

*/ / /*

*/ / /*

*/ / /*

*/ / /*

*/ / /*

*/ / /*

*/ / /*

*/ / /*

*/ / /*

1      IT IS HEREBY STIPULATED AND AGREED by and between counsel for plaintiff Silver State Intellectual Technologies, Inc. ("Silver State") and defendants Garmin International, Inc. and Garmin USA, Inc. (collectively "Garmin") in relation to the trial in the above-captioned case set to begin May 11, 2015:

    1.     The parties shall exchange demonstratives, slides, or deposition excerpts they intend to use in opening statements by 1:00 p.m. on the day before start of trial.  The parties will meet and confer to discuss any objections to such demonstrative exhibits, slides, or deposition excerpts to be used in opening statements no later than 8:00 p.m. on the day before start of trial.

    2.     Each side will provide by e-mail to opposing counsel a list of witnesses (in order) intended to be called for direct examination or by deposition by 8 p.m. two days before the witness will be presented (e.g. if a witness is to testify on Wednesday, the witness must be disclosed by 8:00 p.m. Monday).

    3.     By 7:00 p.m. the day before direct examination of a witness is to be offered, the party offering the direct testimony will provide by e-mail to opposing counsel a list of all exhibit numbers and a copy of any demonstratives intended to be used during the direct examination. The receiving party shall identify any objections to the exhibits and demonstratives so identified by 9:00 pm, and the parties shall meet and confer regarding such objections in sufficient time that any outstanding issues can be raised with the Court before the witness in question testifies.

    4.     By 8:00 p.m. two days before deposition testimony for a witness is offered at trial, other than if solely for impeachment, the party presenting the deposition video clips shall provide opposing counsel with a copy of the proposed video by electronic transfer (e.g. if deposition testimony is to be played on Wednesday, the video must be provided by 8:00 p.m. Monday by electronic transfer such as, for example, FTP or e-mail), along with a listing of the transcript designations that correspond to the proposed video clip.  The receiving party shall identify any objections to the deposition testimony so identified by 10:00 pm the same day it is provided, and the parties shall meet and confer regarding such objections in sufficient time that any outstanding issues can be raised with the Court before the deposition testimony in question is offered.

5. Each side's video deposition designations, counter-designations, and counter-counter-designations for a witness appearing by deposition will be played at the time that the witness is called, provided such procedure is acceptable to the Court.

6. By 6:00 p.m. the night before it intends to rest its case, the resting party shall give the other party notice of its intention to rest. This notice is intended so that the parties have an opportunity to comply with the other provisions of this order.

7. The parties shall meet and confer regarding mutually agreed-upon times and procedures to exchange demonstrative or slides they intend to use in closing statements and any objections before the intended use.

8. The parties need not exchange demonstratives for use in closing statements if those demonstratives have previously been used before.

9. Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

10. The notice provisions regarding demonstratives shall not apply to demonstrative exhibits created in the courtroom during testimony at trial or to the enlargement or highlighting of trial exhibits that have been admitted in evidence or trial testimony. Mere enlargement, ballooning (enlargement of a portion of a document) or highlighting of trial exhibits admitted in evidence or trial testimony does not create a demonstrative exhibit.

11. Exhibits to be used during cross examination or offered into evidence solely for impeachment need not be disclosed in advance of being used at trial.

*/ / /*

*/ / /*

*/ / /*

*/ / /*

*/ / /*

*/ / /*

| | |
|---|---|
| Dated this 9th day of May, 2015. | Dated this 9th day of May, 2015. |
| PAUL, WEISS, RIFKIND,<br>   WHARTON & GARRISON LLP | KNOBBE, MARTENS, OLSON & BEAR LLP |
| By: /s/  Nicholas Groombridge<br>Nicholas Groombridge (admitted *pro hac vice*)<br>Jenny C. Wu (admitted *pro hac vice*)<br>Matthew C. Zorn (admitted *pro hac vice*)<br>Philip S. May (admitted *pro hac vice*)<br>PAUL, WEISS, RIFKIND,<br>   WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019 | BY: /s/  Frederick S. Berretta<br>Frederick S. Berretta (admitted *pro hac vice*)<br>Loni Schutte (admitted *pro hac vice*)<br>KNOBBE, MARTENS, OLSON & BEAR LLP<br>12790 El Camino Real<br>San Diego, CA 92130<br><br>Craig Summers (admitted *pro hac vice*)<br>Brenton R. Babcock (admitted *pro hac vice*)<br>Marko R. Zoretic (admitted *pro hac vice*)<br>KNOBBE, MARTENS, OLSON & BEAR LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614 |
| David K. Stark (admitted *pro hac vice*)<br>PAUL, WEISS, RIFKIND,<br>   WHARTON & GARRISON LLP<br>2001 K Street NW<br>Washington, DC 20006<br><br>Adam P. Seitz (admitted *pro hac vice*)<br>Abran J. Kean (admitted *pro hac vice*)<br>Paul R. Hart (admitted *pro hac vice*)<br>ERISE IP, P.A.<br>6201 College Blvd., Suite 300<br>Overland Park, KS 66211 | Ioanna S. Bouris (admitted *pro hac vice*)<br>KNOBBE, MARTENS, OLSON & BEAR LLP<br>10100 Santa Monica Boulevard, Suite 1600<br>Los Angeles, CA 90067<br><br>Jeffrey A. Silverstri  #5779<br>MCDONALD CARANO WILSON LLP<br>2300 West Sahara Avenue., Suite 1000<br>Las Vegas, Nevada 89102 |
| James J. Pisanelli, Esq., #4027<br>Jordan T. Smith, Esq., #12097<br>PISANELLI BICE PLLC<br>400 South 7th Street, Suite 300<br>Las Vegas, Nevada 89101 | Attorneys for Plaintiff |
| Attorneys for Defendants | |

**IT IS SO ORDERED.**

_____
Gloria M. Navarro, Chief Judge
United States District Court

**DATED:  05/11/2015**